(Reap. Dec. 9522)

### L. E. McCULLOUGH & COMPANY v. UNITED STATES

Entry Nos. 2559; 1850.

(Decided October 15, 1959)

*Tompkins & Tompkins* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: These two appeals for reappraisement are before me for decision on a written stipulation, reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff, and the Assistant Attorney General for the United States, Defendant, subject to the approval of the Court, that the merchandise covered by the above specified reappraisement appeals consists of Palm leaf hat bodies imported from Mexico, similar in all material respects to the merchandise that was the subject of decision in the case of *International Hat Co. v. United States*, 39 Cust. Ct. 669, Reap. Dec. 9006, wherein it was held that an 8% commission should not be included as a part of the export value; and that the issues involved in the above reappraisement appeals are similar in all material respects to the issues in said *International Hat Company* case, Reap. Dec. 9006, and that the record in said case of *International Hat Company*, Reap. Dec. 9006 may be incorporated in the said above cases.

It is further stipulated and agreed that the appraised values of the merchandise covered by the said above reappraisement appeals less the 10% commission as added by the appraiser in his appraised values, are equal to the market values or the prices at the time of exportation of such merchandise to the United States, at which such merchandise was freely offered for sale to all purchasers in the principal markets of Mexico, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher "foreign value" for such or similar merchandise.

On the agreed facts and following the cited decision on the law, I find and hold that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and that such statutory value therefor is the appraised values, less 10 per centum commission, as added by the appraiser.

Judgment will be rendered accordingly.